OPINION
This matter presents a timely appeal from a jury verdict and judgment rendered upon said verdict by the Jefferson County Common Pleas Court, finding in favor of defendant-appellee, City of Mingo Junction, Ohio, and against plaintiffs-appellants, Jenny White and her minor daughter, Shannon White.
On August 8, 1993, Shannon White was injured in the locker room at the Aracoma Park Pool, which is operated through the City of Mingo Junction. Shannon testified that she often utilized the pool during the summer months, and quite possibly every day during the year in which this accident occurred. Shannon further testified that she frequently used the locker room for changing, and that she had previously used the bench provided. (S. White Depo. 9). During an hourly pool break, Shannon went into the locker room, talked with friends and sat on a wooden bench to tie her shoes. (S. White Depo. 18-20). As others got up from the bench, it wobbled from side to side, and when Shannon stood up, the bench fell on her toe, causing her injury. (S. White Depo. 24-25). The only testimony describing how the bench fell over was contained within Shannon's deposition.
Shannon and her mother subsequently filed a complaint against appellee, alleging that appellee's negligence in maintaining an area used by the general public was the proximate cause of Shannon's injury. Appellants also set forth a claim in their complaint for loss of consortium on behalf of Shannon's mother, Jenny White.
Appellee filed an answer, generally denying the allegations of negligence contained in appellants' complaint and offering several affirmative defenses, which included immunity pursuant to R.C. 2744, etseq. Appellee thereafter filed a motion for summary judgment based upon R.C. 2744.03(A)(5), claiming that it was immune from liability as the act complained of constituted a discretionary decision rendered in regard to the use of equipment.
In support of its motion, appellee argued that it was immune from liability based on the decision to use this type of bench in the locker room. Appellee stated that the bench which allegedly fell on Shannon's toe, replaced the original benches in the locker room. The original benches were bolted to the floor, however, the bolts often became corroded because of the moisture in the changing room and caused an unsanitary condition. (Affidavit of R. Hyde). Appellee maintained that it replaced the original benches with the unsecured benches with the thought of avoiding injury.
The trial court, without explanation, overruled appellee's motion and the case proceeded to trial. At the close of all evidence, the jury was instructed on the standard of negligence. The jury was also asked to determine if Shannon was an invitee or a licensee. Finally, the jury was instructed that appellee may enjoy immunity if it found that appellee was exercising discretion in the use of equipment.
Appellants offered proposed jury instructions to the trial court. These instructions did not refer to the immunity language of R.C. 2744.03(A)(5). After the trial court read its instructions, and prior to the jury being excused for deliberations, appellant objected to the inclusion of the immunity instruction. The trial court overruled this objection.
The jury deliberated and returned a verdict in favor of appellee. The jury found that appellee was exercising its discretion in the use of equipment and such discretion was not malicious, willful, wanton or reckless. Therefore, the jury determined that appellee was immune from liability.
Appellants filed a motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B), or alternatively, a motion for new trial pursuant to Civ.R. 59. The trial court subsequently overruled these motions. This appeal followed.
Appellants' sole assignment of error on appeal alleges:
 "Appellants hereby appeal the lower court's instructions and the interrogatories given and propounded to the jury pertaining to the application of Ohio Revised Code § 2744.03(A)(5) to the facts of this case and its ruling in a Journal Entry dated January 16, 1998, issued by Judge John J. Mascio, which ordered, pursuant to a jury verdict, that Plaintiffs take nothing, that the action be dismissed on the merits, and that the Defendant recover of the Plaintiffs its costs of action. Furthermore, the Appellants hereby appeal the lower court's ruling in a Journal Entry dated February 9, 1998, issued by Judge John J. Mascio, which overruled Plaintiffs' Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for New Trial.
"Appellant states that these decisions were unlawful, unreasonable, contrary to law and/or resulted from errors of law, and against the manifest weight of the evidence, and as such, must be reversed by this Honorable Court."
Appellant purportedly argues that the issue in the case at bar is whether the trial court committed prejudicial error with respect to its alleged inconsistent rulings, in favor of appellee, concerning the application of R.C. 2744.03(A)(5) to the facts presented at trial. However, after a review of the arguments, it is clear that appellants' true issue is with the jury instruction given at trial.
Counsel for both parties agree that the appropriate instruction is wholly dependent upon how the issue is framed before the trial court. However, appellants assert that the true issue before the trial court was one of maintenance and that once the benches were installed, it was incumbent upon appellee to maintain them with ordinary care. Therefore, appellants contend that the negligence standard of R.C. 2744.02(B)(4) should apply in determining liability. On the other hand, appellee responds that the choice of what type of benches to install is simply an equipment issue and therefore the immunity standard of R.C. 2744.03(A)(5) should apply.
It must be noted that the true issue before this court is whether a trial court must determine a political subdivision's immunity as a matter of law prior to submitting a negligence issue to the jury.
The trial court offered the jury a choice between conflicting statutes, which dictated either a finding of negligence or a grant of immunity, and in effect required the trier-of-fact to determine which law should apply in the instant case.
The instruction charging the jury stated, in pertinent part:
 "The Village of Mingo Junction, Ohio is according to Ohio law known as a political subdivision. According to the law of Ohio a political subdivision can be held liable for injury or loss to a person that is caused by the negligence of employees and that occurs within or on the grounds of and is due to physical defects within or on the ground of building that are used in connection with the performance of a governmental function. A governmental function includes but is not limited to the maintenance and operation of any park, playground, play field, indoor recreational facility, bath or swimming pool. A political subdivision is immune from liability if the injury or loss to persons resulted from the exercise of judgment or discretion in determining how to use equipment, materials, facilities and other resources unless the judgment or discretion was exercised with a malicious purpose, in bad faith or in a wanton or reckless manner.
"* * *
"* * * if you find that the defendant was exercising judgment or discretion in determining how to use equipment, materials, facilities and other resources, then you will also find for the defendant unless you find that that judgment or discretion was exercised with a malicious purpose, in bad faith or in a wanton or reckless manner." (Tr. 34-35, 37).
While we recognize that the trial court should have made a definitive determination on the issue of immunity so as to eliminate any threat of prejudice to appellants, the jury was nonetheless properly instructed on the law and appellants suffered no detriment to their substantial rights as a result. Furthermore, based upon the evidence presented in this case and in accordance with R.C. 2744.03(A)(5), the jury correctly found that appellee was exercising its discretion in the use of equipment and that such discretion was not malicious, willful, wanton or reckless. Therefore, the decision of the jury was not against the manifest weight of the evidence and judgment was appropriately rendered in favor of appellee.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., concurs, Waite, J., concurs.